**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UCHENNA OBICHETA,<br>*Plaintiff*,<br>v.<br>ACCENTURE, LLP. et al.,<br>*Defendants*. | No. 2:26-cv-2191 (MEF)(JRA)<br><br>**OPINION and ORDER** |

* * *

For purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

* * *

A former employee[1] ("the Plaintiff") of a consulting company[2] ("the Defendant")[3] filed this action, alleging that he was "subjected to adverse employment action because [he] engaged in protected activity by reporting discrimination and unfair treatment." See Complaint (ECF 1) ¶ 6.

Specifically, the Plaintiff alleges that after he was removed from a certain work project in October 2023, he "raise[d] concerns regarding the circumstances of [his] removal." Id. ¶ 2. "In that communication, [he] reported that [he] believed that [he] had been treated unfairly" because he was

---

[1] Uchenna Obicheta, proceeding pro se.

[2] Accenture, LLP.

[3] The caption on the Plaintiff's complaint suggests that he may be seeking to sue multiple entities or individuals. See Complaint (ECF 1) at 1 (listing as "Defendants" "Accenture, LLP., et al."). But for present purposes, the Court assumes that Accenture --- as the only entity expressly named --- is the only Defendant for present purposes. If the Plaintiff wishes to sue others as well --- for example, any individual employees of Accenture, see id. ¶ 7, he must make this clear in any amended pleading he files.

"deliberately excluded . . . from important meetings," was "assigned unreasonable tasks," and "experience[ed] poor and inconsistent communication" from team members. Id. ¶ 3.

But per the Plaintiff, none of the concerns he raised were ever addressed, and instead he was "informed . . . that [he] was being terminated." Id. ¶ 5.

The Plaintiff does not identify any particular claims or causes of action in his complaint. But because the Court has an obligation to read pro se complaints liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court construes the Plaintiff's allegations as pressing a claim for retaliation under Title VII, see 42 U.S.C. § 2000e-3(a), pursuant to 42 U.S.C. § 1983.

* * *

Under 28 U.S.C. § 1915, a federal district court may authorize a plaintiff to proceed in forma pauperis and direct the Clerk of Court to file a complaint without requiring the plaintiff to pay the typical filing fee. See id. § 1915(a).

But to guard against potential abuse, the same statute directs courts to dismiss an in forma pauperis complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(B).

Accordingly, courts must engage in a two-step analysis when considering a complaint accompanied by an in forma pauperis application. See Shaikh v. Ocean Cnty. Child Support Enf't Agency, 2024 WL 4626405, at *2 (D.N.J. Oct. 30, 2024)

First, the Court must determine whether the plaintiff has "'establish[ed] that he is unable to pay the costs of his suit.'" Cook v. Bell, 2026 WL 412427, at *1 (D.N.J. Feb. 13, 2026) (quoting Walker v. People Exp. Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989)); see also Shaikh, 2024 WL 4626405, at *2.

And second, if the plaintiff has made that threshold showing, the Court must ask whether the Complaint should be dismissed on one of the grounds set forth at 28 U.S.C. § 1915(e)(2). See Shaikh, 2024 WL 4626405, at *2 (citing Archie v. Mercer Cnty. Courthouse, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

* * *

The Plaintiff in this case has satisfied his burden of showing an inability to pay the usual filing fee.

The Plaintiff's IFP application shows that while he is employed, his monthly expenses greatly exceed that income. See Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF 1-3) at 2, 4. Moreover, the Plaintiff has explained that he is "under enormous financial stress" and "struggling to pay rent, medical bills, credit card [bills], student loans, and other personal loans" following the termination at the heart of this case. Id. at 5.

Accordingly, the Plaintiff's application to proceed in forma pauperis is granted.

* * *

Given the above conclusion, the Court ask whether the Plaintiff's complaint should be dismissed because it "fails to state a claim on which relief may be granted."[4] Cook, 2026 WL 412427, at *1 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

"'The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012)). So "[t]o survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a [plausible] claim to relief.'" Schreane, 506 F. App'x at 122-23 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). This, in turn, requires courts to "look for 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of a claim for relief." Id. (cleaned up) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)).

* * *

---

[4] Because the Court concludes that the Plaintiff has failed to state a claim, the Court need not consider whether the Plaintiff's claims are "frivolous or malicious," or whether he "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

"In order to succeed on a claim of discriminatory retaliation [under Title VII], a plaintiff must demonstrate that: (1) [he] engaged in conduct protected by Title VII; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 201 (3d Cir. 1994) (internal quotation marks omitted).

But the Plaintiff has only adequately alleged one of these three requirements.

As to (2), the Plaintiff has alleged that his employer took adverse action against him by terminating his employment. See Complaint ¶ 5. And termination is obviously an adverse action. Fear of losing one's job is plainly the type of "materially adverse" action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006); see Griesbaum v. Aventis Pharms., 259 F. App'x 459, 470 (3d Cir. 2007) ("[I]t is hard to understand how any employment action could be more adverse than a termination of the employment."); see also Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 174 (2011) ("We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired.").

But the Plaintiff's complaint does not adequately allege (1) protected activity, or (3) a "causal link" between that activity and his employer's adverse action. Charlton, 25 F.3d at 201.

As to (1), it is true that internal reports of discrimination can constitute a protected activity under Title VII. See Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007) ("'Opposition' to discrimination 'can take the form of informal protests of discriminatory employment practices, including making complaints to management.'") (internal quotation marks omitted) (quoting Moore v. City of Phila., 461 F.3d 332, 343 (3d Cir. 2006); Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006)).

But here, the Plaintiff has not pleaded facts supporting the inference that he complained of one of the specific sorts of discrimination protected under Title VII. Cf. 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment

practice by this subchapter."). Per the Third Circuit, the message conveyed by an employee in his purportedly protected activity must "explicitly or implicitly allege that [a protected characteristic] was the reason for the alleged[ly] unfair[]" conduct complained of. Barber v. CSX Distrib. Servs., 68 F.3d 694, 702 (3d Cir. 1995). But here, the Plaintiff's own description of his complaint amounts to only a "general complaint of unfair treatment." Id.[5] The Plaintiff says nothing about discrimination based on a Title VII-protected characteristic --- like race, religion or national origin. So this "does not translate into a charge of illegal . . . discrimination."[6] Id.

The Plaintiff has also failed to adequately allege that "(3) a causal link exists between [this] protected conduct and the employer's adverse action." Charlton, 25 F.3d at 201. "'To establish the requisite causal connection, a plaintiff must usually prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" Thompson v. Kellogg's USA, 619 F. App'x 141, 144-45 (3d Cir. 2015) (cleaned up) (quoting Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007), in the Title VII context).

---

[5] Cf. Complaint ¶ 3 (alleging that the Plaintiff "reported that [he] believed that [he] had been treated unfairly" because he was "deliberately excluded . . . from important meetings," was "assigned unreasonable tasks," and "experience[ed] poor and inconsistent communication" from team members).

[6] The Plaintiff does, in one paragraph of his complaint, allude to the fact that he complained of discrimination. See Complaint ¶ 6 ("The termination occurred after I raised complaints regarding unfair treatment and discriminatory conduct."); id. ("I was subjected to adverse employment action because I . . . report[ed] discrimination and unfair treatment."). But this does not change the picture. There are no allegations describing the discrimination he purportedly complained of. Indeed, nothing in the complaint even points the court to what type of discrimination (e.g., age, sex, race) the Plaintiff allegedly faced. Accordingly, because these statements are unsupported by factual allegations, they must be set aside as conclusory and excluded from the Court's analysis. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 789-90 (3d Cir. 2016).

Here, the Plaintiff has not adequately alleged causation under either pathway because he has not provided the Court with the date of the alleged adverse action, his termination. Instead, he notes only that he "raise[d] concerns regarding the circumstances of [his] removal" from a project team --- the alleged protected activity --- sometime after that removal in 2023. See Complaint ¶ 2. And that his "termination occurred after [he] raised [these] complaints." Id. ¶ 6.

Without some sense of the relevant timeline, the Court cannot infer that there was "unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action," or that the "timing" otherwise supports causal link between the two. Thompson, 619 F. App'x at 144-45.

* * *

For the above-stated reasons, the Plaintiff's complaint at ECF 1 must be dismissed pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is directed to close this case.

The Plaintiff may reopen this case within thirty (30) days of the date of entry of this Order simply by filing an amended complaint. Any amended complaint filed will also be subject to screening pursuant to 28 U.S.C. § 1915(e).

IT IS on this 10th day of August, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.